IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENDALE FIELDS,

    Plaintiff,

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

No. CIV S-09-183 FCD KJM PS

<u>FINDINGS AND RECOMMENDATIONS</u>

/

    Plaintiff initiated this action in state court on December 19, 2008; it was timely removed to this court on January 21, 2009. In the order setting status conference, filed January 22, 2009, plaintiff was advised of the requirements for timely filing opposition to motions. Defendants filed a motion to dismiss on January 27, 2009, to which plaintiff did not timely respond. By order filed February 23, 2009, plaintiff was given additional time in which to file opposition to defendants' motion and was cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiff again failed to timely file opposition. Plaintiff appeared at the hearing on the motion to dismiss held on April 22, 2009. At that time, plaintiff was granted one final opportunity, until May 6, 2009, to file opposition. Although plaintiff has filed an objection to the removal of this action from state court, no opposition to the motion to dismiss has been filed.

1

Plaintiff filed a motion to dismiss the petition for removal (docket no. 18) and objection to removal (docket no. 22), which the court will construe as a motion to remand. The motion is meritless. The action was properly removed to the Eastern District of California in that the original complaint was filed in the Superior Court of Sacramento County. 28 U.S.C. §§ 84(b), 1441(a). This court has subject matter jurisdiction in that the complaint plainly states a claim under the Truth in Lending Act, 15 U.S.C. § 1611. See Complaint, First Cause of Action, ¶¶ 28-34. Appeals from all final decisions of this court lie with the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 1291. Plaintiff's motion borders on the frivolous and should be denied.

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case, which has been proceeding in federal court now for several months. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Regarding the third factor, defendants already have briefed their motion to dismiss, and would be prejudiced by the need for further

litigation of this matter despite plaintiff's non-responsiveness.  Moreover, delay itself generally is prejudicial--witnesses' memories fade and evidence becomes stale or undiscoverable.  While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and instead has filed a frivolous and meritless objection to removal.  Moreover, it appears that defendants' position on the motion to dismiss is well-taken.  Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its February 23, 2009 order advised plaintiff that this action would be subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendants' motion to dismiss.  Again at the hearing on the motion to dismiss, the court granted further time to file opposition.  All of the court's efforts were to no avail.  From plaintiff's failure to file any substantive opposition to the motion to dismiss despite repeated admonitions to do so, the court concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand be denied; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////

/////

/////

/////

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2009.

_____
U.S. MAGISTRATE JUDGE

006
fields.57

4